**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 14-mc-00055-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCIA S. KRIEGER,
WILEY Y. DANIEL,
CHRISTINE M. ARGUELLO,
ROBERT E. BLACKBURN,
PHILLIP A. BRIMMER,
R. BROOKE JACKSON,
WILLIAM J. MARTINEZ,
KRISTEN L. MIX,
KATHLEEN M. TAFOYA,
CRAIG B. SHAFFER,
MICHAEL E. HEGARTY,
BOYD N. BOLAND,
LEWIS T. BABCOCK,
STEPHEN H. ANDERSON,
JOHN W. SUTHERS,
RICK RAEMISCH,
STEVE HAGER,
JAMES FALK,
DAVID M. THORSON,
THOMAS K. LE DOUX,
MICHAEL L. PIRRAGLIA, and
JOHN W. HICKENLOOPER,

    Defendants.

**ORDER OF DISMISSAL**

Lawrence M. Jiron, a prisoner in the custody of the Colorado Department of Corrections, has submitted for filing a Criminal Complaint (ECF No. 1) alleging that Defendants have violated a number of federal criminal statutes and/or covered up known deficiencies in various

state laws. Mr. Jiron also has submitted for filing a Memorandum of Law (ECF No. 1-1). It appears that Mr. Jiron seeks to initiate a criminal case against Defendants in the name of the United States of America alleging RICO violations among others. However, the fact that Mr. Jiron has listed the United States as the Plaintiff in the caption of the Complaint does not make the United States a party to this action. For the reasons stated below, the Court will dismiss the action.

Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, the Court finds that Mr. Jiron lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Mr. Jiron's argument that the Court lacks authority to dismiss his criminal complaint because it is addressed to the United States Attorney lacks merit. Mr. Jiron has submitted the criminal complaint for filing. If Mr. Jiron wishes merely to correspond with the United States Attorney, he should not submit pleadings to the Court. To the extent Mr. Jiron seeks to challenge the constitutionality of a state court criminal conviction or seeks to be released from custody, he must file an application for a writ of habeas corpus after exhausting state remedies.

Finally, the Court notes that Mr. Jiron has been permanently enjoined from filing *pro se* lawsuits in the District of Colorado without first obtaining leave of court to proceed *pro se*. *See Jiron v. County of Alamosa*, No. 95-cv-01075-EWN (D. Colo. Sept. 17, 1998). In order to obtain permission to proceed *pro se*, Mr. Jiron must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" that includes certain information specified in the sanction order. Mr. Jiron has not filed the necessary petition seeking leave to file a *pro se* action and he has not provided the information specified in the sanction order. Therefore, the action also will be dismissed because Mr. Jiron has failed to comply with the sanction order. Accordingly, it is

ORDERED that the action is dismissed because Lawrence M. Jiron lacks standing to file and prosecute a criminal action and because Plaintiff has failed to comply with the order enjoining him from filing *pro se* civil complaints.

DATED at Denver, Colorado, this 12th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge